UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL DOCKET NO. 3:13cv390
[3:90cr85]

| | |
|---|---|
| **CECIL JACKSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the court on petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The court has considered the pending motion and determined that, to the extent petitioner seeks relief under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, an initial screening of the petition under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C. §2255 is appropriate.

### INITIAL SCREENING

1. **Signed Under Penalty of Perjury:** The court finds that the petition has been signed in accordance with Rule 2(b)(5), 28 U.S.C. § 2255, as it has been signed by counsel.

2. **Jurisdiction:** The court finds that petitioner has asserted that jurisdiction exists as this is his first petition under § 2255, which may require further review, as the criminal docket from 1990 has only been reproduced in a truncated form. The court has

1

fully accepted as true for purposes of this screening petitioner's representation that this is his first §2255 petition.

3. **Timeliness:** Despite the passage of approximately 20 years since his conviction became final, petitioner contends that his filing of the instant motion asserting claims of actual innocence as to Counts of Conviction 12 and 13 is timely. As to those Counts, petitioner contends that in the trial of his case in the early 1990's, the district court's instruction as to "use" of a firearm, while proper at the time, was improper based on <u>Bailey v. United States</u>, 516 U.S. 137 (1995). Petitioner contends that in light of <u>Bailey</u>, the jury was improperly instructed and he is actually innocent of those counts.

Despites the passage of some 18 years since <u>Bailey</u>, petitioner contends his instant petition is timely based on the recent decision in <u>McQuiggin v. Perkins</u>, 569 U.S. ___, 133 S.Ct. 1924 (2013) and that consideration of those claims serves as a gateway for the court to consider his other claims. The <u>McQuiggin</u> Court held, however, that

> [t]he miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'
> <u>Id.</u> 133 S.Ct. at 1933 (citation omitted).

Here, petitioner contends he is entitled to relief as to Counts 12 & 13, not based on any new evidence, but on the "new rule of law" announced in the <u>Bailey</u> decision.

> The meaning of actual innocence as formulated by <u>Sawyer</u>, and <u>Carrier</u> does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he

> persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Schlup v. Delo, 513 U.S. 298, 328-329 (1995). Petitioner has pointed to no new evidence or any evidence that the district court excluded. Therefore, the court cannot find that McQuiggin has any application to this petition.

Next, the court has considered whether petitioner's claim under Bailey is itself timely. The *Anti-Terrorism and Effective Death Penalty Act of 1996* ("AEDPA") imposes a one-year statute of limitations for filing § 2255 motions. Generally, the statute of limitations runs from "the date on which the judgment of conviction becomes final . . . ." 28 U.S.C.A. § 2255(f)(1). A conviction is final for § 2255(f)(1) purposes "on the date when the petitioner could no longer seek direct review." United States v. Walker, 165 F.3d 22, 22 (4th Cir.1998). In this case, petitioner states that he filed a direct appeal and then sought *certiorari* of that decision, resulting in a denial of *certiorari* on June 15, 1992. Jackson v. United States, 504 U.S. 991 (1992). Thus, this claim is barred if §2255(f)(1) is considered. Section 2255(f)(3) appears, however, to provide the most relevant commencement date for the limitations period, which begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review...." 28 U.S.C. § 2255(f)(3). The Supreme Court held that its holding in Bailey was retroactively applicable on May 18, 1998. Bousley v. United States, 523 U.S. 614, 621 (1998).

Based on a filing date of June 21, 2013 (the date petitioner delivered his petition to

prison authorities, as evidenced by the BOP receipt on the face of the envelope (#118-1, 3:90cr 85), this Petition is time barred by the AEDPA's one-year statute of limitations.

**ORDER**

**IT IS, THEREFORE, ORDERED** that upon initial screening, the court finds this petition to be time barred, and the petition is **DISMISSED**.

**DENIAL OF CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: July 2, 2013

Max O. Cogburn Jr.
United States District Judge