IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13cv390
[3:90cr85]

| | |
|---|---|
| CECIL JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | ORDER |
| Vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the court on Petitioner Cecil Edward Jackson's Motion under 18 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (#1). In addition to his Habeas Petition, Mr. Jackson has filed the following pending motions: Motion to Expand the Record (#15); Motion to Supplement 2255 with New Authority (#16); Motion for Default Judgment (#17); Motion for Summary Judgment (#18). The Court directed the Government to respond on two particular issues:

(1) Whether petitioner's convictions on Counts 12 and 13 should be vacated based on alleged actual innocence under Bailey;

(2) If so, whether petitioner is entitled to be resentenced as to the remaining counts of conviction.

The Government has so responded and moved for the dismissal of the Petition. The court will allow the Motion to Expand the Record (# 15) and consider the affidavit of Mr. Purvis Roseboro. The court will also grant the Motion to Supplement (# 16) and consider such motion as a supplement to Petitioner's Response (#14).

1

Having considered the motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.     Procedural History**

On October 12, 1990, Petitioner was convicted of numerous violations of federal laws including possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1); conspiracy to distribute cocaine base, 21 U.S.C. § 846; participation in a continuing criminal enterprise, 21 U.S.C. § 848; and, relevant to the motions at hand, thirteen counts of carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. 924(c).  Mr. Jackson was sentenced to life imprisonment with a consecutive sentence of 145 years.[1]  On appeal, the Fourth Circuit Court of Appeals affirmed the sentence with the exception of the conspiracy conviction. United States v. Jackson, 953 F.2d 640 (4th Cir. 1992).  The Court of Appeals affirmed the District Court's Amended Judgment against Petitioner on October 7, 1993.

Five years later in May of 1997, Petitioner filed his first Motion under 28 U.S.C. 2255 which he subsequently moved to dismiss one month later.  Jackson v. United States, 3:97-cv-261, ## 1, 2 (W.D.N.C. 1997).  Mr. Jackson's petition was dismissed with prejudice on June 4, 1997, and a Judgment was entered therewith.  (## 5, 6).  Petitioner did not appeal such dismissal with prejudice until seven years later when on February 23, 2004, he filed a Motion for Relief from "Void Judgment," arguing that the district court lacked jurisdiction to dismiss his petition with prejudice once he had filed his dismissal.  (#8).  The motion was denied and Petitioner appealed the dismissal to the Fourth Circuit Court of Appeals.  The Fourth Circuit agreed with Petitioner and held that Mr. Jackson's Motion to Dismiss was effectively a Notice of Dismissal

---

[1] Petitioner's sentence was subsequently reduced to 360 months plus 145 years. United States v. Jackson, 3:10-cr-85 (W.D.N.C. 1990), ECF No. 59.

which took immediate effect upon its filing and divested the court of authority to conduct further proceedings on the merits. Jackson v. United States, 245 F. App'x 258, 259 (4th Cir. 2007). On remand, the district court entered an Order on October 17, 2007 vacating its earlier Order and dismissing Mr. Jackson's 2255 petition without prejudice (#21).

Weeks later Petitioner filed a "Motion for Relief from Order Granting Dismissal Without Prejudice Pursuant to Fed.R.Civ.Proc. Rule 59(e) and/or Rule 60(b)," in which he argued that notwithstanding the fact that he had filed a Notice of Dismissal, the court should not have dismissed his original § 2255 Petition without first giving him notice that such a dismissal could have precluded his ability to pursue collateral review in the future (#23), and requested that the court consider his § 2255 petition on its merits. While the motion was pending, Mr. Jackson petitioned the Court of Appeals for a Writ of Mandamus (#24) requesting that the Court of Appeals direct the District Court to rule on his motion. The petition was denied. In re Jackson, 330 F. App'x 30 (4th Cir. 2009). On January 22, 2009, the District Court denied Mr. Jackson's "Motion for Relief" (# 27).

Petitioner filed the instant Motion to Vacate Under 28 U.S.C. § 2255 on June 26, 2013. Jackson v. United States, 3:13-cv-390, #1 (W.D.N.C. 2013).

**II.     Analysis**

Petitioner moves the court under 28 U.S.C. § 2255 to vacate his convictions of the charges contained in Counts 12 and 13 under 18 U.S.C. 924(c). His principal contention is that when his case was tried in the early 1990s, the district court's instruction as to "use" of a firearm, while proper at the time, was improper based on the Supreme Court's later decision in Bailey v. United States, 516 U.S. 137 (1995). Petitioner contends his appellate counsel was ineffective for not raising this claim.

Petitioner faces significant procedural hurdles in raising his Section 2255 motion as his conviction became final nearly twenty years ago in 1994. See 28 U.S.C. § 2255(f)(1) (A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—(1) the date on which the judgment of conviction becomes final). Petitioner contends that due to an error by the district court, he was prohibited under the *Anti-Terrorism and Effective Death Penalty Act of 1996* (hereinafter "AEDPA") from filing his present Section 2255 motion. The district court had erroneously dismissed with prejudice Petitioner's original motion in 1997. That Order was withdrawn in 2007, however, and Petitioner does not explain his failure to file between 2007 and 2013. In his motion, Petitioner admits that his claims are "arguably procedurally defaulted." Def.'s Mot. 9 (#1). The government correctly notes that defendants seeking relief under Bailey must still overcome certain procedural hurdles, including procedural default and at this point, defendant must either demonstrate "cause" and "actual prejudice" or that he is "actually innocent." Petitioner does not demonstrate cause or actual prejudice. This claim was not raised on direct appeal and the "mere possession" argument adopted in Bailey was not so novel at that time that Petitioner's counsel could not have raised it. Bousley v. United States, 523 U.S. 614, 622 (1998). Indeed, it appears that Petitioner raised a similar "mere possession" argument on direct appeal as to several other of his convictions under 18 U.S.C. § 924(c). United States v. Jackson, 953 F.2d 640 (4th Cir. 1992) ("The trial judge properly instructed the jury on this element, insuring that the defendants would not be convicted, as they now contend, on mere possession.").

His principal contention is that the recent Supreme Court decision Mcquiggins v. Perkins, 569 U.S. __, 133 S.Ct. 1924 (2013) provides him with a gateway through which he can now raise a Bailey claim. Petitioner contends that in light of Bailey, the jury was improperly instructed and

he is actually innocent of the charges in Counts 12 and 13. He petitions the court to vacate his sentence for those counts and grant him a resentencing hearing.

To overcome the procedural hurdle and have his claim reviewed on collateral review, Petitioner must demonstrate by clear and convincing evidence, United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999) (citing Sawyer v. Whitley, 505 U.S. 333, 350 (1992)), that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. 614 at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995) (internal quotation marks omitted)). In this context, "`actual innocence' means factual innocence, not mere legal insufficiency." Bousley at 623.

The court agrees with the Government that Petitioner cannot satisfy the demanding procedural hurdle he now faces. The Supreme Court has consistently stressed that the "*Shlup* standard is demanding. The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." McQuiggin v. Perkins, 133 S. Ct. 1924, 1936 (2013) (quoting Schlup, 513 U.S. 298, 316) (citing House v. Bell, 547 U.S. 518, 538 (2006) for the proposition that the *Shlup* standard is "demanding and seldom met").

In the present case, the principal piece of evidence Petitioner presents is the closing instruction for the 924(c) charges in Counts 12 and 13. Def.'s Mot. 8 (ECF No. 1). The court emphasizes that "actual innocence" refers to factual innocence not legal insufficiency. Bousley, 523 U.S. at 623. While the instruction apparently permitted the jury to find Petitioner guilty of those charges under the "mere possession" theory later undercut by Bailey, the presence of such an instruction is not evidence that the jury so found. The fact that the closing instructions in

5

Petitioner's trial are legally infirm twenty-three years after being given is not convincing evidence of Petitioner's innocence.

Petitioner has also filed with the court the affidavit of Purvis Roseboro. Mr. Roseboro was apparently in the hotel room where the police discovered the firearms and narcotics which subsequently formed the basis for Petitioner's convictions on Counts 12 and 13. Mr. Roseboro affies that Petitioner "never possessed the ability to use the firearms found by Officer Nickerson on the night in question." Purvis Aff. 1, ECF No. 14 at 23. Petitioner also submits the trial testimony of Officer Nickerson as corroboration for Mr. Roseboro's affidavit. Petitioner contends that because he was not present when the discovery was made, he must *necessarily* be actually innocent of those charges.

Mr. Roseboro's affidavit does not establish that Petitioner was actually innocent of the charges contained in Counts 12 and 13. A review of Officer Nickerson's testimony reveals that while Petitioner was not present when the narcotics and firearms were discovered, this was only because he had been arrested at that very location moments before Officer Nickerson arrived. Nickerson Testimony, ECF No. 14-1. <u>Bailey</u> does not stand for the proposition that to be convicted under 18 U.S.C. 924(c), a defendant *must* be present when the firearms and narcotics are discovered. Contrary to Petitioner's assertion, the court cannot say that no reasonable jury could have found that Mr. Jackson actively employed the firearm during and in relation to the predicate drug conspiracy.

### III. CONCLUSION

Having read and thoroughly considered the parties' briefs as well as available documents from the underlying criminal matter, the court finds that Petitioner has not established by clear and convincing evidence that no reasonable juror would have convicted him of the two 924(c) he

now contests. As the court finds no reason to disturb Petitioner's convictions on these counts, the court will deny Petitioner's request for resentencing. Accordingly, the court enters the following Order granting the Government's motion and dismissing the Petition.

### ORDER

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss (#9) is **GRANTED** and Petitioner's Motion to Vacate under 18 U.S.C. § 2255 is **DENIED**.

**IT IS FURTHER ORDERED** that:

(1) Petitioner's Motion to Expand the Record (#15) is **GRANTED**;

(2) Petitioner's Motion to Supplement (#16) is **GRANTED**;

(3) Petitioner's Motion for Default Judgment (#17) is **DENIED**; and

(4) Petitioner's Motion for Summary Judgment (#18) is **DENIED.**

This civil action is **DISMISSED** with prejudice.

### Denial of Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when the court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 6, 2014

Max O. Cogburn Jr.
United States District Judge