UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:90-cr-00085-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CECIL EDWARD JACKSON,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's pro se Motion for Reconsideration of Order (#177) Denying Motion to Reduce Sentence (#182). After initial consideration of that motion, the court directed the Clerk of Court to provide defendant with the requested documents and for the government to file a Response.

Within the time allowed, the United States Probation Office filed a revised Supplemental Presentence Report indicating that defendant was, upon reconsideration, eligible for relief under Amendment 782, resulting in a revised total offense level of 38 and a criminal history of IV, for a revised guideline range of 324 to 405 months on his drug-trafficking conviction (Count 11). In its Response, the government concurs that defendant is qualified for relief under Amendment 782 and Section 3582(c). The court agrees.

Having determined that defendant is qualified under Amendment 782, the next step is determine where within the revised advisory range to resentence defendant as to Count 11. While the undersigned was not the original sentencing judge, the court does have before it information concerning defendant's life over the past quarter century, to wit, his disciplinary record and his record of accomplishments while incarcerated as provided in the BOP SENTRY report. The court

1

has first considered defendant's disciplinary record, which shows only one minor infraction occurring in 1993. The fact that defendant has maintained a clean record for more than 20 years weighs heavily in this court's consideration of the Section 3553(a) factors. Next, the court has considered defendant's accomplishments, which includes an extensive list of course work and work assignments. This factor also weighs heavily in favor of a lower sentence. Taking into consideration the need for imposing just punishment as well as deterrence, the court will impose a sentence at the bottom of the sentencing guidelines of 324 months for Count 11.

In granting a bottom of the guidelines sentence as to this offense, defendant is encouraged to keep on this path as it is unknown what sentencing reforms, clemency, or other amendments may be applicable to his case in the future. In exercising discretion as to any such proposed reduction, this court looks very closely at how a defendant has used his time.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's pro se Motion for Reconsideration of Order (#177) Denying Motion to Reduce Sentence (#182) is GRANTED, and in accordance with Amendment 782 the Judgment in this matter is AMENDED as to Count 11 to provide for a sentence of 324 months imprisonment. All other provisions of the Amended Judgment entered on or about 4/28/1992 (and previously reduced by Order (#50) of 9/15/2009) remain applicable, including but not limited to the provision of a 145 year consecutive sentence for the violations of 18 U.S.C. § 924(c), for an aggregate sentence of 2,064 months imprisonment.

Such reduction is reflected in an AO 247 Form Order entered simultaneously herewith.

Signed: March 31, 2016

Max O. Cogburn Jr
United States District Judge